# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARRY HAMLETT, 322-245 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  CCB-13-1203 |
| | * | |
| BALTIMORE CITY CIRCUIT COURT | * | |
| | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

Pending is Barry Hamlett's ("Hamlett") complaint under 42 U.S.C. § 1983 in which he claims he was tried and convicted in the Circuit Court of Baltimore City in Criminal Case No. 104057005[1] in violation of his rights under the Sixth and Fourteenth Amendments of the United States Constitution.  Hamlett claims an illegal identification was conducted when his attorney was absent, and faults the "Baltimore City Circuit Court State's Attorney Offices Five Unit"[2] for failing to notify his counsel. (ECF No. 1, p 8).  As relief, he is seeking damages of $50,000 for violation of his constitutional rights, "emotional stress, life and liberty and pain and suffering." *Id*.  Hamlett's motion to proceed in forma pauperis (ECF No. 2) will be granted for the purpose of preliminary review and, for reasons to follow, the complaint will be dismissed pursuant to 28 U. S. C. §§ 1915(e) (2) (B) and 1915A(B).[3]

---

[1]   The public docket shows Hamlett was convicted of attempted first-degree murder and related offenses. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=104057005&loc=69&detailLoc=DSK8.

[2]   The court is unaware of any entity named Baltimore City Circuit Court State's Attorney Offices Five Unit. Further, Hamlett's inclusion of "Mr. Douglas Mig" as a defendant in the caption of the complaint is his only reference to this individual.  "Mr. Douglas Mig" will therefore be dismissed as a defendant.  Insofar as "Mr. Douglas Mig" might be an assistant state's attorney, Maryland's state's attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman,* 424 U.S. 409 (1976).

[3] These provisions state in pertinent part that a court shall dismiss claims that fail to state a claim on which relief can be granted.

## DISCUSSION

### A.  *Heck v. Humphrey*

To the extent Hamlett seeks to attack his representation and prosecution, or judicial rulings related to his criminal case, he is precluded from doing so under *Heck v. Humphrey*, 512 U.S. 477 (1994).  To seek damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment, the plaintiff must show that his indictment, conviction or sentence has been dismissed, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" pursuant to 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486–87.  Hamlett's claims call into question the validity of his convictions. Judgment in his favor in this case would be inextricably connected with his criminal convictions, and there is no evidence that the convictions have been overturned or invalidated. [4]

### B.  Amenability to Suit

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution, and must also show "that the alleged deprivation was committed by a person acting under color of state law."  *See Allen v. Columbia Mall, Inc.,* 47 F.Supp.2d 605, 609 (D.Md.1999) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  The Office of the State's Attorney is not a "person" amenable to suit under § 1983.  *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Moreover, the Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section

---

[4]    Hamlett's petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions is under review in Civil Action No. CCB-12-2339. (D. Md.).

five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996);

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

## CONCLUSION

For these reasons, this case will be dismissed for failure to state a claim.  A separate order

follows.

May 22, 2013                                                      /s/
Date                                                    Catherine C. Blake
                                                        United States District Judge